# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 16-1843-DOC (KKx)  Date: October 21, 2016

Title: CHRIS MAGALLON V. CAPSTONE LOGISTICS, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]**

Before the Court is Plaintiff's Motion for Remand (Dkt. 11). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court DENIES Plaintiff's Motion.

**I.   Background**

Plaintiff Chris Magallon ("Plaintiff") filed his initial Complaint ("Complaint") (Dkt. 4-2) in the Superior Court of the State of California, County of Riverside on April 21, 2016. Defendant was served with notice on May 5, 2016 (Dkt. 4-3). On June 6, 2016, Defendant served upon Plaintiff Special Interrogatories – Set One ("Interrogatories"). (Dkt. 11-1). On July 11, 2016, Plaintiff filed his First Amended Complaint ("FAC") (Dkt. 4-4) in the same court. On July 29, 2016, Plaintiff filed his Response to Special Interrogatories ("Interrogatories Response") (Dkt. 11-1). On August 26, 2016, Defendant filed a Notice of Removal ("Notice") (Dkt. 4) with this Court. On September 14, 2015, Plaintiff filed a Motion to Remand ("Motion") (Dkt. 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1843-DOC-KK                                            Date: October 21, 2016
                                                                                                                                    Page 2

## II.     Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### A.     Diversity Jurisdiction

Defendant contends that the Court has diversity jurisdiction over this case.

Federal diversity jurisdiction requires that the parties be "citizens of different states" and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the Complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury*

Case 5:16-cv-01843-DOC-KK Document 21 Filed 10/21/16 Page 3 of 6 Page ID #:426

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1843-DOC-KK                                                         Date: October 21, 2016
                                                                                                                                          Page 3

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

       A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

       While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

## III.    Discussion

       Plaintiff argues first that Defendant's Notice of Removal was untimely, and second that this Court does not have diversity jurisdiction over this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1843-DOC-KK                                             Date: October 21, 2016
                                                                                                  Page 4

### A.     Diversity of Citizenship

In Plaintiff's initial state court filings, Plaintiff alleged that he is a resident of California. Mot. Ex. C ¶ 1; *see* Mot. at 2. Plaintiff further alleged, and Defendant confirms, that Defendant is a limited liability company organized under the laws the State of Delaware and with its principal headquarters in Georgia. Mot. Ex. C ¶ 1; *see* Mot. at 2; Declaration of Sally Matteson ¶¶ 4–5 (Dkt. 4-1); Opp'n at 1. Accordingly, the Court finds that diversity of citizenship exists between the parties and that diversity of citizenship was evident to Defendant upon service of the initial pleading.

### B.     Amount in Controversy

Neither the Complaint nor the FAC affirmatively established an amount in controversy. *See generally* Notice Exs. 2, 3. On July 29, 2016, Plaintiff responded to Defendant's interrogatories and confirmed that he seeks damages in excess of $75,000. Mot Ex. B. at 3. In determining the amount in controversy, answers to interrogatories may serve as the equivalent of affidavits to either support or defeat diversity jurisdiction. *See Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (affirming dismissal where plaintiff's answer to interrogatory indicated less than $75,000 in controversy); *see also Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616 (E.D. Ky. 1995). Accordingly, the Court finds that the amount-in-controversy threshold is met because Plaintiff affirmatively established an amount in controversy greater than $75,000 on July 29, 2016 in response to interrogatories.

### C.     Timeliness of Removal

Plaintiff argues that Defendant's Notice of Removal was untimely. Mot. at 1. Specifically, Plaintiff argues that the deadline for removal was June 5, 2016. Mot. at 2. Defendant argues that the receipt of Plaintiff's responses to interrogatories, not the Complaint or FAC, triggered the thirty-day clock for removal. Opp'n at 4–5. Thus, Defendant contends, removal was timely. *Id.*

In Plaintiff's initial state court filings, Plaintiff's prayer for relief included, inter alia, requests for compensatory damages, punitive damages, and a money judgment for emotional distress and mental pain, anguish and suffering. Notice Ex. 1 at 13; Notice Ex. 3 at 18. Rather than specify the amount of monetary damages sought, Plaintiff's prayer states "in an amount according to proof at the time of trial." Notice Ex. 1 at 13, Ex. 3 at 18. Nonetheless, Plaintiff contends that the claims "were clearly spelled out . . . such that the threshold of 'more than $75,000 amount in controversy'" was certain. Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1843-DOC-KK                                              Date: October 21, 2016
                                                                                                              Page 5

Thus, Plaintiff argues that the thirty-day clock for removal began on May 5, 2016. *See* Mot. at 2.

Defendant contends that the amount in controversy was uncertain from the face of Plaintiff's Complaint and FAC. Opp'n at 3. Defendant further contends that it was on July 29, 2016—when Plaintiff provided responses to interrogatories—that Plaintiff first confirmed that the amount in controversy exceeds $75,000. Opp'n at 4. Thus, Defendant argues that the thirty-day clock for removal began on July 29, 2016.

"After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247; *see* 28 U.S.C. § 1446(b). In the Ninth Circuit, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 690–691 (9th Cir. 2005) (alterations in original) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Durham*, 445 F.3d at 1250 (quoting 28 U.S.C. § 1446(b)). "'Other paper' under 28 U.S.C. § 1446(b)(3) has been interpreted broadly to include documents generated within the state court litigation." *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *6 (C.D. Cal., Aug. 1, 2014) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010)). This includes responses to interrogatories and deposition questions. *Carvalho*, 629 F.3d at 887.

It is well established that a defendant does not have to speculate as to facts forming the basis for removal. *See Jong v. General Motors Corp.*, 359 F. Supp. 223, 226 (N.D. Cal. 1973); *see also Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 695–697 (9th Cir. 2005); *Durham*, 445 F.3d at 1250. Rather, "removability is determined based on an examination of the 'four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Salmonson v. Euromarket Designs, Inc.*, No. CV 11-2446 PSG (PLAx), 2011 WL 2292234, at *3 (C.D. Cal., June 9, 2011) (finding no affirmative obligation to investigate potential class size to determine amount in controversy) (quoting *Harris*, 425 F.3d at 694); *see also Carvalho*, 629 F.3d at 886.

The four corners of Plaintiff's Complaint did not affirmatively establish an amount in controversy in excess of $75,000. *See generally* Notice Ex. 1; Notice Ex. 3. Because the Complaint lacked the necessary amount-in-controversy information, it did not trigger the thirty-day removal period. *See Salmonson*, 2011 WL 2292234, at *3. Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-1843-DOC-KK | Date: October 21, 2016 |
| | Page 6 |

affirmatively established an amount in controversy greater than $75,000 on July 29, 2016 in response to interrogatories. *See* Mot. at 2; Mot. Ex. B at 3. Accordingly, the Court finds that Defendant's August 26, 2016 Notice of Removal was timely because the thirty-day clock did not begin until July 29, 2016.

### D.     Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorneys' fees in the amount incurred as a result of removal. Mot. at 10. In relevant part, § 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, the case is not remanded. Because § 1447(c) refers to awarding attorney fees when a remand order is issued, Plaintiff is not entitled to such an award here. Accordingly, the Court DENIES Plaintiff's request for attorneys' fees.

### IV.     Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |